Genet Genzebu GEBREAMLAK,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–76546.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Samuel Maina, Law Offices of S. Ouya Maina, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Sharon Lever, U.S. Dept of Justice, Counterterrorisim Section, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Genet Genzebu Gebreamlak, a native and citizen of Ethiopia, seeks review of a Board of Immigration Appeals' decision which adopted and affirmed part of the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Gebreamlak contends that the IJ erred in his adverse credibility determination. We disagree. Gebreamlak provided inconsistent statements regarding the officers' awareness of her Eritrean ethnicity and the ethnicity of her fellow prisoners. Be-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause this goes to the heart of her claim, substantial evidence supports the IJ's adverse credibility determination. *See id.* at 962 ("An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of the asylum claim.") (internal quotation and citation omitted).

Because Gebreamlak failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the finding that Gebreamlak failed to prove that it was more likely than not that she would be tortured if returned to Ethiopia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Gebreamlak therefore is not entitled to CAT relief.

**PETITION FOR REVIEW DENIED.**